OLD AMERICAN INSURANCE COMPANY v. WEXMAN.

Opinion delivered November 5, 1923.

1. INSURANCE—BREACH OF WARRANTY—WAIVER.—A breach of warranty in a policy of accident insurance, consisting of a misstatement as to applicant's occupation, is waived where applicant was a clerk in his father's store, but the insurer's agent, either by design or inadvertence, wrote into the application that he was a merchant.

2. INSURANCE—PREMATURE ACTION—WAIVER.—A provision in an accident policy that legal proceedings for recovery hereunder shall not be brought before the expiration of six months from the date of filing affirmative proof with the company, is waived where the company's adjuster denies any liability.

Appeal from Lonoke Circuit Court; *George W. Clark,* Judge; affirmed.

*Longstreth & Bohlinger,* for appellant.

1. The application becomes a part of the contract, if made so by the express terms of the policy. 14 R. C. L. 885. Constitution and by-laws of a mutual insurance company form a part of the contract of insurance, whether mentioned or not. *Id., p.* 995. Material false

representation, ground for avoiding policy. *Id.* 1021. Fraudulent concealment of material facts by the applicant avoids liability on the certificate. 29 Cyc. 87; *Id.* 91. Provisions in the constitution, by-laws or certificate that no action shall be brought to recover a benefit until a specified time after injury, sickness or death, are valid, and action cannot be maintained until after the expiration of such time. 29 Cyc. 215.

2. Verdict should have been directed in favor of appellant. Plaintiff admitted that he was not a merchant, but only a clerk. Bouvier, vol. 3, p. 2195.

*Gray & Morris,* for appellee.

1. The agent who took the application knew that appellee was not a merchant, and either inadvertently or purposely filled the application out to show the occupation of appellee as that of a merchant. The company is bound by his knowledge, and cannot avoid payment. 102 Ark. 146; 106 Ark. 92; 14 R. C. L. 1174, § 351.

2. Appellee offered to comply with the requirements of the policy with reference to proof of loss, and was prevented from doing so by the appellant. It cannot complain. 14 R. C. L. 521, § 520. Moreover, denial of liability made furnishing of proof of loss unnecessary. 53 Ark. 501.

3. The suit was not prematurely brought. The letter of appellant's attorney to appellee's attorney was an implied waiver of the provision against bringing suit within the six months' period. Besides the denial of any liability constituted a waiver of that provision. 115 N. W. 869; 66 Ark. 225.

McCulloch, C. J. This is an action on a policy of accident insurance, issued by appellant to appellee. The policy provided for the payment of a weekly indemnity of $25 during the period of total incapacity resulting from accidental physical injury, and also for the payment of $10 per week for partial disability.

Appellee was injured in an automobile collision, and the proof tends to show that he was injured to the

extent that he was totally incapacitated from performing his usual duties for a period of three months and partially incapacitated for a short time thereafter.

The case was tried below, by consent, before the judge sitting as a jury, and appellee recovered judgment for the amount claimed.

Appellant sets forth three defenses, which, it is claimed, are supported by the uncontradicted evidence.

In the first place, it is insisted that there was a breach of warranty with respect to the statement in the application as to the occupation of the insured. The statement in the application is that appellee's occupation was that of a merchant, whereas the proof showed that he was a clerk in a general store. The proof was, we think, sufficient to justify the court in finding that there was a waiver of this breach by the acceptance of the application and issuance of the policy with knowledge on the part of appellant's agent that the statement was incorrect. Appellee testified that the agent who wrote and accepted his application was well acquainted with him and with his occupation, that the agent had frequently been to his place of business where the application was received, and knew that appellee was not a merchant, but was a clerk in his father's store. This is sufficient, as before stated, to warrant the finding that appellant's agent knew the occupation of appellee to be that of clerk in the store, and either by design or inadvertence wrote into the application that appellee was a merchant. Under well settled rules of law announced by this court, these facts constitued a waiver of the forfeiture. *Capital Fire Ins. Co.* v. *Montgomery,* 81 Ark. 508; *Gray* v. *Stone,* 102 Ark. 146; *Fidelity & Casualty Co.* v. *Meyer,* 106 Ark. 91; *Mutual Aid Union* v. *Blacknall,* 129 Ark. 450.

The next defense offered is that there is no right of action for the reason that appellee failed to furnish proof of loss as provided in the policy. It is also contended that suit was prematurely brought, because of

the provision in the policy that "legal proceedings for recovery hereunder shall not be brought before the expiration of six months from the date of filing affirmative proof with the company."

Appellee testified that he gave notice of the accident and resulting injury and that he filed proof on blanks furnished by the company covering the first month's total disability, and went back later to file additional proof of the continued disability, but was informed by appellant's agent at the principal office that it was unnecessary to file other proof until the final proof was made at the end of the disability. Thereafter appellant, through its adjuster, denied liability. There is a conflict on the point, but we think the proof was sufficient to warrant the court in finding that there was a denial of liability. The adjuster offered to compromise, but, according to the testimony, wrote to appellee's attorney that, unless he was willing to accept the compromise offered or wait for further negotiations, he could proceed to the institution of suit to recover under the policy. These facts constituted a waiver of the clause which provided that suit should not be instituted before six months after making final proof.

The evidence was sufficient to support the finding of the court, and, as no error is discovered, the judgment is affirmed.