NATIONAL UNION FIRE INSURANCE COMPANY *v.* KENT.

Opinion delivered February 25, 1924.

1. INSURANCE—QUESTION OF FACT.—Whether defendant fire insurance company's agent knew, before a policy was written and delivered, that the insured was not the sole owner, as the application stated him to be, *held* under the evidence to be a question of fact.

2. INSURANCE—SOLE OWNERSHIP—WAIVER.—Where an insurance agent who wrote a policy of fire insurance knew at the time of its issuance that the insured's interest was not sole and unconditional, the policy requirement that insured be the sole owner was waived.

3. INSURANCE—ISSUE RAISED.—Where, in an action on a policy of fire insurance, the sole defense was that the policy was void, no issue as to the amount of recovery was raised.

4. INSURANCE—TOTAL LOSS—LIABILITY.—In the case of a total loss of property insured, the statute (Crawford & Moses' Dig., § 6147) makes the insurer liable for the full amount of insurance.

Appeal from Independence Circuit Court; *Dene H. Coleman,* Judge; affirmed.

*J. A. Watkins,* for appellant.

1. The breach of warranty with reference to sole and unconditional ownership rendered the policy void. 63 Ark. 201; 72 Ark. 51; 43 S. E. 52; 45 N. E. 804. The burden of showing a waiver of this provision of the policy was on the plaintiff. 67 Ark. 584. And he failed to discharge that burden, as appears by the evidence.

2. The court erred in giving judgment for 12 per cent. penalty and $100 attorney fee.

*Sam'l M. Casey,* for appellee.

1. The finding of the trial court, sitting as a jury, that the agent who wrote the policy knew, at the time, that plaintiff's ownership was not sole and unconditional, is conclusive on appeal. The company was bound by his knowledge, and therefore waived that requirement. 134 Ark. 52; 128 Ark. 92; 133 Ark. 202.

2. Plaintiff was entitled to the penalty and attorney fee under the statute.

SMITH, J. This suit was brought to collect from the appellant insurance company a thousand dollars, the face of the policy, which had been written to cover a barn and the feed and grain and seed stored therein. Eight hundred dollars of the insurance was on the barn, $100 on the grain and seed, and $100 on the hay and fodder.

The answer denied liability on the ground that appellee, the insured, had falsely represented himself to be the sole owner, whereas he was in fact the owner of only an undivided interest as tenant in common with his mother and brothers and sisters, the deed to the land having been made to the mother and the four children jointly. The land covered by the deed was a small tract of land near the town of Sulphur Rock, in Independence County, Arkansas, and there was situated on it a residence in which the owners of the property lived, in addition to the barn covered by the policy of insurance.

Notwithstanding the fire occasioned a total loss, an issue was made by the adjuster over the value of the barn, and a proof of loss was prepared and agreed to which allowed $400 for depreciation in the value of the barn, and the insured agreed to accept $700 in full settlement of the company's liability. In the proof of loss the insured was recited to be the sole owner of the property insured, and the adjuster told the insured that the sum agreed upon would be paid upon production of evidence of ownership. This appellee said would be furnished by production of the deed under which his title had been derived, and the deed was sent to the adjuster. Upon examination of the deed it was disclosed that the insured

was not the sole owner, but was a tenant in common with his mother and three brothers and sisters, they each owning an undivided one-fifth interest in the land. Thereupon the insurance company denied liability under the policy. Hence this suit.

The cause was heard by the court sitting as a jury, and, without making or being asked to make specific findings, the court made a general finding in favor of the insured, and rendered judgment accordingly. Thereafter judgment was rendered for the statutory penalty, with an allowance for attorney's fees.

It is insisted that no recovery should have been permitted because of the breach of the warranty that appellee was the sole owner, and it was further insisted that no penalty or attorney's fees should be allowed because the proof of loss presented a claim for a sum less than the face of the policy. The testimony showed that the actual value of the property destroyed was $1,268.73.

The testimony shows, however, that the agent who wrote the policy knew the state of the title and had known it for several years. He had written a previous policy of insurance in the name of the mother, who lived with her children in the residence located on the small tract of land. As has been said, the barn and residence were on this same tract of land, and the same agent had written both policies, the one on the residence being in the name of the mother and that on the barn and its contents being in the name of appellee, and the agent, in writing the second policy, knew that there had been no change in the title, at least the testimony on the part of appellee was to this effect. Appellee stated that, before the policy was written, he discussed with the agent who wrote it how it should be written, and it was agreed that, inasmuch as he had charge of the business, and none of the other heirs objected, the policy should be written in his name alone. The insured did not sign the application which stated that he was the sole owner of the property, but he knew that the agent had written his name in the policy as owner.

After the fire, appellee and the agent discussed the matter, and the agent was reminded how the deed had been prepared, and the agent said, "Yes, I understand it." The appellee thereafter signed the proof of loss in which he was represented to be the sole owner, and unsuspectingly sent to the adjuster the deed, which showed the contrary to be true, thinking the matter was understood and that the discrepancy was unimportant. The agent denied knowing the state of the title before writing the policy; but this was, of course, a question of fact for the jury.

It is obvious that the question in the case is the one of fact, whether the agent of the insurance company knew, before the policy was written and delivered, that the insured was not the sole owner, as the application for the policy stated him to be.

In the case of *Georgia Home Ins. Co.* v. *Bennett,* 134 Ark. 52, we said that the requirements of a policy in regard to sole and unconditional ownership are valid and binding, and are warranties the breach of which would cancel a policy, but that, inasmuch as these provisions were inserted for the benefit of the insurer, they could be waived, and will be held to have been waived if the agent who issued the policy had knowledge, at the time of its issuance, that the insured's interest, which must be an insurable one, was not sole and unconditional. See also *Camden Fire Ins. Ass'n* v. *Grubbs,* 133 Ark. 202, and *Westchester Fire Ins. Co.* v. *Smith,* 128 Ark. 92, and cases there cited.

Under the testimony of appellee, which was evidently accepted by the court as the truth of the matter, the agent knew, when he wrote the policy, that appellee, although an owner, was not the sole owner, and the warranty to that effect must therefore be held to have been waived.

As to the amount recovered, it may be said that the pleadings raised no issue in regard thereto, as the company defended on the sole ground that the policy was void. Moreover, the attempted settlement with the adjuster was in the nature of an offer of compromise,

which the company itself refused to carry out by paying the sum agreed on, and it is therefore in no position to complain that the judgment was rendered as for a total loss on the barn, this being the only part of the property about which there was a controversy as to value. Section 6147, C. & M. Digest.

The judgment is affirmed.