FIDELITY PHENIX FIRE INSURANCE COMPANY *v.* ROTH.

Opinion delivered June 9, 1924.

1. INSURANCE—FORFEITURE—WAIVER.—Where an insurance company's agent knew of mortgages on rice at the time of issuance of a fire insurance policy thereon, a provision in the policy avoiding it if the insured property was incumbered was waived.

2. EVIDENCE—PROOF OF LOSS.—Where a proof of loss was not furnished as an offer of compromise, but as an original claim showing the loss sustained, it was admissible as an admission by insured as to the amount of loss, where he was suing for a greater amount.

3. INSURANCE—PENALTY AND ATTORNEY'S FEE.—In an action for the face of a policy where the evidence sustained a recovery of a smaller amount, the insurer was not liable for the statutory penalty and attorney's fee prescribed by Crawford & Moses' Dig., § 6155.

Appeal from Arkansas Circuit Court, Northern District; *George W. Clark,* Judge; modified.

*J. A. Watkins,* for appellant.

1. There is no proof in the record that appellant or its agent knew of the existence of the second mortgage, and that defense is not waived. The sworn proof of loss states that no other person had any interest in the property except the insured, yet the appellee knew of the existence of the mortgages. 65 Ark. 337.

2. There was no proof justifying the imposition of the statutory penalty and attorney's fee. If there is any liability in this case, it cannot be for a greater amount than was fixed by the plaintiff in his proof of loss. C. & M. Digest, § 6155; 92 Ark. 378.

*John L. Ingram,* for appellee.

1. We think the evidence justifies the finding that appellant knew of both mortgages; but if it did not know of the mortgages, it is still liable under the facts in the case.

2. The imposition of the statutory penalty was justified, even if the total damage did not exceed the sum of $1,728.05, as contended by appellant. 92 Ark. 378.

SMITH, J. This is a suit on a fire insurance policy issued by the appellant insurance company. The prop-

erty insured was described as two thousand or more bushels of rice, and it was consumed or damaged by fire. The policy contains the following provision: "This entire policy, unless otherwise provided by agreement indorsed herein or added hereto, shall be void if the subject of insurance be personal property and be or become incumbered by a chattel mortgage."

At the time of the fire there were two mortgages on the rice, one in favor of the First National Bank of DeWitt and another in favor of the Arkansas Light & Power Company, but there was no notation in regard to either on the policy.

It is admitted that the insurance company knew of the mortgage to the bank before the policy was issued; in fact, the agent for the insurance company called on the cashier of the bank to inquire whether the bank would pay the premium, and the company's agent was told that the bank would pay the premium because it had a mortgage on the rice. The company admits that its liability cannot be defeated on account of the mortgage to the bank, because its agent knew of this mortgage, but the company denies liability on account of the mortgage to the Arkansas Light & Power Company, of which it claims to have had no knowledge. We think, however, that the testimony sufficiently supports the finding of the jury that the agent of the insurance company who wrote the policy of insurance was also advised of this mortgage, and, this being true, the provision of the policy in regard to incumbrance will be held to have been waived. *National Union Fire Ins. Co.* v. *Kent,* 163 Ark. 7, and cases there cited.

The suit was brought for the face of the policy, which was $2,000, and judgment was rendered for that amount, to which was added the statutory penalty of 12 per cent. and an allowance for attorney's fees. It is insisted that the undisputed proof shows that the damage from the fire was only $1,728.05, and that, this being true, no penalty should have been imposed, nor should an attorney's fee have been allowed.

We think counsel for the insurance company is correct in these contentions. The testimony shows a loss of only $1,728.05. When the adjuster called to make a settlement of the loss, an itemized statement was prepared as follows:

| | |
|---|---:|
| 2,140 bushels of Early Prolific and Storm Proof Rice at 85 cents per bushel | $1,819.00 |
| 300 bushels red mixed rice at 50 cents | 150.00 |
| Total | 1,969.00 |

Credits.

| | | |
|---|---:|---:|
| 100 bushels red rice sold at 50 cents | 50.00 | |
| Less shrinkage | 47.98 | |
| Less hauling | 47.97 | |
| Value 190 bushels rice saved but damaged | 95.00 | 240.95 |
| Net loss | | $1,728.05 |

Pursuant to the requirements of the policy, this statement of the loss sustained was sworn to by appellee, and at the trial he virtually conceded that the statement was correct, although he did testify that the loss was $2,000, but he did not show in what respect his proof of loss was erroneous, and his testimony at the trial, when analyzed, does not show that the damage exceeded the amount there stated.

This statement was not an offer of compromise, as was the case in *National Union Fire Ins. Co.* v. *Kent, supra,* in which we held that the insured was not bound by the figures appearing in the proof of loss, for the reason that the loss there shown was arrived at by way of a compromise of the claim, which the company afterwards refused to abide by. The proof of loss in the instant case not having been furnished as an offer of compromise, but as an original claim showing the loss sustained, it was admissible in evidence as an admission on the part of the plaintiff, and, it not being shown that the loss exceeded the amount there claimed, judgment should not have been rendered for a larger amount.

This being true, it follows that the statutory penalty should not have been imposed, and no attorney's fee should have been allowed. In the case of *Mississippi Life Ins. Co.* v. *Meadows,* 161 Ark. 71, we said that the purpose of the statute (§ 6155, C. & M. Digest), authorizing a penalty and a fee for an attorney, was to require insurance companies to pay promptly the sums for which they are liable, and was not intended to require them to pay anything in excess of their just liability, and that one could not claim the benefit of the statute whose demand exceeded this liability.

Here the sum demanded in the complaint was $2,000, and, while judgment was rendered for that amount, the penalty and attorney's fee cannot be allowed, because that sum is in excess of the just liability of the company, as evidenced by the fact that the judgment cannot be affirmed by us for a sum exceeding $1,728.05. The judgment is therefore reduced from $2,000 to $1,728.05, and the allowances for penalty and attorney's fee are disallowed, and the judgment as thus modified is affirmed.