AMERICAN INSURANCE COMPANY v. MORDIC.

Opinion delivered May 4, 1925.

1. INSURANCE—FORFEITURE—WAIVER.—Where an insurance agent knew of a mortgage on the insured property at the time he issued a policy thereon, a provision of the policy avoiding it if the insured property was incumbered was waived.

2. APPEAL AND ERROR—CONCLUSIVENESS OF VERDICT.—A finding of the jury upon conflicting evidence is conclusive on appeal.

3. TRIAL—ARGUMENT OF COUNSEL.—While an argument of plaintiff's counsel, in an action on a fire policy, that defendant's agent who testified by deposition was in another State trying to defeat some other insurance policy was improper, the prejudice was removed where the court told the jury that it was improper.

Appeal from Monroe Circuit Court; *George W. Clark*, Judge; affirmed.

STATEMENT OF FACTS.

J. A. Mordic sued the American Insurance Co. to recover the sum of $1,000 alleged to be due him upon a fire insurance policy.

J. A. Mordic was a witness for himself. According to his testimony, he made a written application for a policy of fire insurance with the defendant. The application shows that he applied for a fire insurance policy on his dwelling-house situated on his farm about eight miles from Brinkley, in Monroe County, Arkansas. One of the questions propounded to him was whether or not there was any incumbrance on the real estate, and the application shows his answer to be "No." Mordic told the agent that there was a mortgage on the farm for $7,250 in favor of Bondi Bros. The insurance agent filled in the answers to the questions in the application, and Mordic supposed that he had written the answers as he had given them. The application was turned over to the insurance agent after it was signed by Mordic, and he did not know the falsity of the answer as written down by the agent. The policy was duly issued on the property on the 23rd day of July, 1922, in the sum of $1,000. Subsequently, while the policy was in force, his house was destroyed by fire, and Mordic made proper proof of loss to the company as provided in the policy.

J. V. McDonald, the agent of the American Insurance Company, who took the application for the policy sued on, gave his deposition for the defendant. According to his testimony, the application was read over to J. A. Mordic carefully, and was signed by him. Every question was read to him, and his answer was made and written on the application in his presence after he fully understood the question. The witness stated further that, if he had known that there was a mortgage on the house, he would not have written the policy without making provision for the payment of the face of the policy to the holder of the mortgage in the event of fire.

The jury returned a verdict in favor of the plaintiff for the face of the policy, and from the judgment rendered in his favor the defendant has duly prosecuted an appeal to this court.

*J. A. Watkins,* for appellant.

*Bogle & Sharp,* for appellee.

HART, J., (after stating the facts). It is sought to reverse the judgment on the ground that J. A. Mordic made a false answer to the question as to whether or not there was a mortgage on the property which was insured. The application shows and the agent of the company testified that Mordic answered this question "No." On the other hand, Mordic testified that he told the agent that there was a mortgage on the property for $7,250, and that he did not know that the agent had written down a false answer to the question.

In the case of *Fidelity Phenix Fire Ins. Co.* v. *Roth,* 164 Ark. 608, it was held that, where an insurance company's agent knew of mortgages on rice at the time of the issuance of a fire insurance policy thereon, a provision in the policy avoiding it if the insured property was incumbered was waived.

The issue as to the truth or falsity of the answer of the insured to the question as to whether or not there was a mortgage on the property at the time he made the application for insurance was submitted to the jury under the principles of law announced in the case cited above. The jury having found this issue in favor of the plaintiff, its finding is conclusive on appeal.

The next assignment of error is that the court erred in allowing one of the attorneys for the plaintiff, in the course of his argument, to use the following language: "This man McDonald, they say he isn't here and couldn't get here. I expect he is down in Alabama trying to defeat some other insurance policy." The deposition of J. V. McDonald had been read to the jury. Objection was made to the argument of the attorney for the plaintiff, and the court stated to the jury that the argument was not competent. The statement of the attorney for the plaintiff was of a matter of fact which was not in the record, and, as the court told the jury, was an improper argument. We think, however, that any

prejudice that might have resulted to the defendant was cured by the admonition of the court. The jury must be credited with common-sense, and it cannot be thought, when the attending circumstances and the nature and amount involved in the ‘case are considered, that any prejudice resulted from the statement of the attorney which was not cured by the court telling the jury that it was incompetent. *Central Coal & Coke Co.* v. *Orwig*, 150 Ark. 635, and *Arkansas Short Leaf Lbr. Co.* v. *Wilkerson*, 154 Ark. 455.

No other assignment of error is argued for a reversal of the judgment, and it will therefore be affirmed.