GLOBE & RUTGERS FIRE INSURANCE COMPANY *v.* BATTON.

Opinion delivered November 19, 1928.

*McMillen & Scott,* for appellant.

*Shaver, Shaver & Williams,* for appellee.

SMITH, J. The appellant insurance company, hereinafter referred to as the company, issued a policy of fire insurance to appellee on his residence in the sum of $400, and on October 28, 1927, the building was totally destroyed by fire. At the request of the company's local agent, appellee furnished an estimate of his loss in the sum of $1,363.89, and was then advised by the local agent that no other proof of loss would be required.

A few days after the fire an adjuster came to see appellee about his loss, but the parties did not meet, and on November 26, 1927, the adjuster wrote the local agent that, in his opinion, there was no liability on the part of the company, for the alleged reason that appellee had made no effort to extinguish the fire, but, as a matter of compromise, $300 was offered. This offer was declined by appellee. The letter containing this offer was sent by the adjuster to the company's local agent, who sent it to appellee, and after receiving this letter appellee called on the local agent, who advised him to settle, as otherwise he would have the expense

of a lawsuit, with an attorney's fee, and appellee thereupon offered to take $375 in settlement of his claim, provided same was paid at once. A few hours later appellee consulted an attorney, who informed him that, if a recovery was had against the company for the full amount of the policy, judgment would be rendered in his favor for a penalty of twelve per cent. as well as an attorney's fee. Appellee went, immediately after receiving this information, to the local agent and withdrew his offer of compromise, and announced that he would demand the full face value of the policy, but he was advised by the agent that he had already written a letter submitting the offer.

Appellee did nothing until December 10, 1927, except to call on the local agent several times to ascertain what the company had done or would do about the policy, and on the date last mentioned appellee was informed by the local agent that the company had done nothing and was not going to pay anything. The testimony of the local agent varied slightly, but he admitted that, after reading to appellee the letter from the adjuster, he stated, ''I said it looked like from the report and what the adjuster said that they (the company) would not do anything.''

We think the court was warranted in finding (the case having been tried before the court without a jury) that the company had denied liability, and, this being true, appellee was not required to wait longer to bring suit on the policy, and he, in fact, brought this suit on the date on which he was advised that the company would not pay him for his loss. *Fire Assn. of Philadelphia* v. *Bonds*, 171 Ark. 1066, 287 S. W. 587.

After the suit had been brought, the company requested appellee to furnish additional proof of loss, and this request was complied with on December 24, 1927, which date was still within sixty days of the date of the fire. In this proof of loss appellee recited a denial of liability by the company and the consequent

institution of the suit, and demand was there made for a reasonable attorney's fee to compensate the attorney appellee had been required to employ, and the twelve per cent. penalty.

The company filed an answer December 31, 1927, in which it admitted liability for the full amount of the policy, but denied liability for the attorney's fee or statutory penalty.

The court rendered judgment for the face of the policy, with an attorney's fee of $100 and the statutory penalty, and this appeal is from that judgment.

The policy sued on contained the provision that the loss insured against should be payable sixty days after proof of loss, and it is therefore insisted that, inasmuch as the company answered within sixty days after proof of loss had been furnished, admitting liability for the face of the policy, the attorney's fee and penalty should not have been allowed. It is also insisted that, by complying with the company's request for proof of loss after the institution of the suit, appellee waived any right he may have had to claim the penalty and attorney's fee.

As we have said, the court was warranted in finding that within sixty days of the fire the company denied liability, and, this being true, the insured was not required to wait further before instituting suit, but he had the right to sue at once. *Fire Ass'n. of Philadelphia v. Bonds, supra; Old Am. Ins. Co. v. Wexman,* 160 Ark. 571, 255 S. W. 6. In the exercise of this right, appellee employed counsel, who brought this suit, and, as there was a recovery of the sum demanded, the court did not err in allowing an attorney's fee.

We do not think appellee waived any right which had accrued to him by furnishing proof of loss after the institution of the suit. On the contrary, he expressly reserved this right, and called attention to the fact that, through the company's denial of liability, he had been

compelled to incur the expense of employing an attorney, and a fee would be demanded on that account.

The fee allowed does not appear to be unreasonable, and the penalty is fixed by the statute. The judgment is therefore affirmed.