ZURICH GENERAL ACCIDENT & LIABILITY INSURANCE COMPANY, LTD. *v.* MCDANIEL.

4-4330

Opinion delivered June 29, 1936.

*Owens & Ehrman* and *John M. Lofton, Jr.,* for appellant.

*Jeff Bratton,* for appellee.

JOHNSON, C. J. On November 1, 1931, appellant, Zurich General Accident & Liability Insurance Company, Ltd., issued to appellee, William T. McDaniel, its certificate of indemnity under a master policy theretofore issued to the Missouri Pacific Railroad Company where-

by its employees were indemnified as follows: against loss of life, the sum of $2,000; against loss of sight of both eyes, $2,000; and against loss of sight of one eye, $1,000.

On demand, premiums were paid by appellee on this certificate regularly up to the times hereinafter mentioned.

Appellee instituted this proceeding against appellant in the Greene Circuit Court to recover indemnity for the alleged loss of his left eye by accidental means in November, 1934. Appellant defended the suit on the theory that appellee lost the sight of his left eye in 1930, more than one year prior to the inception of the contractual obligations between appellee and appellant. Upon trial to a jury and under instructions, not here complained of, a verdict and consequent judgment were entered in favor of appellee, from which this appeal comes.

Appellant urges but one contention for reversal, namely: that the testimony is insufficient to support the jury's verdict.

The testimony adduced by the parties, when viewed in the light most favorable to appellee as we are required to do under repeated opinions of this court, is to the effect that on November 5, 1930, which was approximately one year prior to the inception of appellant's contractual obligation with appellee, appellee suffered an accident to his left eye which materially impaired his vision therein. Specifically in reference to the vision of his left eye subsequent to the injury in 1930, appellee testified as follows:

"* * * I had enough sight that I could distinguish light, could see to tell who my family was, in the house, with glasses, proper glasses over that eye, and no failing that I could tell until this accident in '34, November, '34, when I was struck with the plunger out of an air hammer * * *."

"Q. Up until then could you tell? A. I could tell who my family was, if I would meet anybody on the street I couldn't have told. Q. Could you have seen well enough to see your way? A. Oh, yes. Q. You mean to say it is

all gone now? A. Yes, sir, left eye. Q. And that same condition obtains today; you can't use your left eye with your work? The Court: In other words, what could you have done without right eye at that time? A. As I have stated before, I figure I could have got around and seen my way, and feed myself, but as far as doing work, I couldn't have done any shop work. Q. Then since you received the injury in the right eye, could you at any time have done anything if the right eye had been entirely out? A. Could not. Q. And would you have been what you might call totally blind? A. I figure so."

In reference to the injury for which appellee seeks compensation in this action, he testified that in November, 1934, he received an injury to his right eye by accidental means and that his left eye, out of sympathy with his right eye, became totally blind.

The pertinent inquiry then arises whether, under the undisputed facts, appellee suffered the loss of his left eye in 1930 or in 1934, when measured by the applicable rule of law in the law of insurance. In the recent case of *Locomotive Engineers Mutual Life & Accident Association* v. *Vandergriff, ante* p. 244, 91 S. W. (2d) 271, we had occasion to consider the rule in reference to the loss of sight in insurance law. There we stated the applicable rule as follows: "It is manifest, when we abandon sophistry and indulge in plain thinking, that where one has no practical use of his eyes he is blind, and the ordinary person having a policy such as the one in the instant case would think that he was insured against blindness—so he is. 'The ability to perceive light and objects but no ability to distinguish and recognize objects is not sight, but blindness.'"

The above pronouncement is supported by the great weight of American authority. *International Travelers Association* v. *Rogers,* (Tex.), 163 S. W. 421; *Watkins* v. *U. S. Casualty Co.,* 141 Tenn. 583, 214 S. W. 78; *Murray* v. *Ætna Life Ins. Co.,* 243 F. 285; *Pan American Life Ins. Co.* v. *Terrell,* 29 F. (2d) 460; *Travelers Prot. Ass'n* v. *Ward,* 97 Ind. App. 706, 187 N. E. 55; *Locomotive Engineers Mutual Life Ins. Co.* v. *Meeks,* 157 Miss. 97, 127

So. 699; *Continental Casualty Co.* v. *Linn*, 226 Ky. 328, 10 S. W. (2d) 1079; *Travelers Ins. Co.* v. *McInerney*, 119 S. W. 171; *Tracey* v. *Standard Acc. Ins. Co.*, 119 Me. 131, 109 Atl. 490, 9 A. L. R. 521.

Appellee's testimony, heretofore quoted, when measured by the rule of law just stated, demonstrates that he suffered the loss of sight in his left eye in November, 1930, and not in November, 1934. His testimony when given its full meaning and effect is that he lost the sight of his left eye for all useful and practical purposes prior to the inception of his certificate of insurance with appellant.

For the reasons stated the trial court erred in refusing to direct the jury to return a verdict in favor of appellant as requested.

The case having been fully developed, will be dismissed.