UNITED ORDER OF GOOD SAMARITANS *v.* MEEKINS.

## Opinion delivered October 30, 1922.

1. INSURANCE—FRATERNAL SOCIETY—AGE LIMIT.—Under Crawford & Moses' Dig., § 6075, providing that fraternal benefit societies may admit to membership any person not less than 16 nor more than 60 years of age, a benefit certificate issued to a member over the age of 60 when admitted is void, and the society will not be liable thereon, though it solicited his membership and thereafter accepted his dues.

2. CORPORATIONS—PROHIBITED CONTRACTS—RATIFICATION.—If a statute prohibits a corporation from making a contract of a certain kind, the contract is void, and incapable of ratification.

3. CORPORATIONS—PROHIBITED CONTRACTS—ULTRA VIRES DOCTRINE.—The doctrine that a corporation may not plead *ultra vires* to a contract of which it has received the benefit has no application to a contract which is expressly or impliedly forbidden by statute, or to contracts whose enforcement would be against public policy.

4. EVIDENCE—JUDICIAL NOTICE.—The powers delegated by statute to corporations are matters of public law of which no one can plead ignorance.

5. INSURANCE—FRATERNAL BENEFIT SOCIETY.—Where the beneficiary belonged to a subordinate lodge, which held secret ritualistic ceremonies, and sent part of its dues to a supreme governing body, which issued benefit certificates to members, the organization was a "fraternal benefit society," within the meaning of Crawford & Moses' Dig., §§ 6068-9.

Appeal from Clark Circuit Court; *George R. Haynie,* Judge; reversed.

STATEMENT OF FACTS.

Lillian Meekins sued the United Order of Good Samaritans to recover $300 alleged to be due her upon a benefit certificate issued by it upon the life of Luke Jefferson.

It appears from the record that A. A. McElroy was present on the 16th day of August, 1920, when the local lodge of the United Order of Good Samaritans was organized at Arkadelphia, Ark. Since that time, McElroy has been what he calls president or colonial chancellor of said lodge. The lodge holds regular meetings, and

is a secret order. It has a book containing its by-laws and the rules of the Supreme Colony of the United Order of Good Samaritans. The by-laws and rules of the order were introduced in evidence, and provide that no person shall be received as a member of the order above the age of sixty years.

Grant Reed was present at the time the local order at Arkadelphia was organized by W. R. Cox, a deputy of the grand lodge. Reed has been treasurer of the local lodge since it was organized. Cox solicited people to join who were over sixty years of age and told them that this did not make any difference as long as their health was good. Luke Jefferson was initiated on the night the lodge was organized, and was told by Cox that it did not make any difference that he was over sixty years of age. The members pay a certain stipulated sum as dues each month, and a certain per cent. of the amount so collected is sent to the grand lodge. Luke Jefferson paid his dues regularly until his death, which occurred on the 17th day of March, 1921. The benefit certificate issued upon his life was for the sum of $300, and was payable to Lillian Meekins, a daughter of Luke Jefferson.

Evidence was introduced on the part of the defendant to show that Luke Jefferson was over sixty years of age at the time he was initiated in the lodge; and on the other hand evidence was introduced by the plaintiff to show that Luke Jefferson was under sixty years of age at the time he joined the lodge.

Evidence was also introduced by the defendant to show that it paid the plaintiff the sum of $75, as a payment in full of any amount which might be due on the beneficiary certificate sued on.

The plaintiff admitted receiving this sum, but stated that it was a voluntary gift on the part of the defendant.

The jury returned a verdict in favor of the plaintiff, and the defendant has appealed.

*Callaway & Callaway,* for appellant.

Appellant is a fraternal benefit society, and under sec. 6071, C. & M. Digest, is exempt from the general insurance laws. Sec. 6075 provides for the qualifications of members, and is mandatory, and any act of a deputy attempting to waive it was *ultra vires,* and not binding on the order. 98 Ark. 505. See also 30 Ark. 609.

A provision of the statute under which the appellant order was organized, and which gives it the right to do business, cannot be waived. 114 Ill. App. 194; 215 Ill. 190; 74 N. E. 121; 106 Am. St. Rep. 160.

Where the contract of insurance is beyond the powers conferred by law, neither the society nor any other party can, by acting on it, or assenting to it, be estopped to show that it was prohibited by law. 182 Ill. App. 319; 193 Mo. App. 619; 187 S. W. 134; 168 N. W. 189.

*McMillan & McMillan,* for appellee.

It was appellant's duty to prove that it was a fraternal benefit society under sec. 2068. See 143 Ark. 184.

Since the man Cox, who was sent by appellant to organize the lodge, told deceased that his age didn't matter, a by-law of the kind relied on would not be a defense in this case. 130 Ark. 12.

The benefit certificate does not comply with sec. 6076, C. & M. Digest. If a fraternal benefit society issues a policy not authorized by the statute under which it is incoporated, still the contract is enforceable against it. 223 S. W. 70 (Mo.); 193 Mo. App. 619.

Where an agent having express or apparent authority to take applications, makes false representations which induce the member to join the society, the society will be estopped from controverting the truth of such representations. *W. O. W.* v. *Richardson,* 151 Ark. 231. The defense of *ultra vires* is not available to appellant. 74 Ark. 377; 74 Ark. 191; 77 Ark. 109; 96 Ark. 595; 137 N. Y. 417; 151 N. Y. 24.

HART, J. (after stating the facts). Counsel for defendant assign as error the refusal of the court to in-

struct the jury that, if Luke Jefferson was over sixty years of age at the time he was initiated in the local lodge of the defendant, the plaintiff was not entitled to recover.

We think the court erred in refusing to give the instruction. The rules of the order provide that no person shall be received as a member of the order above the age of sixty years, and that failure to comply with this rule renders the contract null and void.

Our statute prescribing the qualifications for membership in fraternal benefit societies provides that any such society may admit to membership any person not less than sixteen and not more than sixty years of age. Crawford & Moses' Digest, § 6075. It will be observed that the by-laws follow the statute in fixing the age limit for membership in the order.

It is the contention of the plaintiff that the receipt and retention by the defendant of the dues of the deceased with knowledge that he was over sixty years of age at the time he was initiated in the lodge at Arkadelphia, operates as a waiver of the right to forfeit the benefit certificate. Counsel contend that a corporation cannot avail itself of the defense of *ultra vires* when the contract has been performed in good faith by the other party and the corporation has had the full benefit of such performance. In support of this claim various decisions heretofore rendered by this court are referred to and relied upon. We need not review these decisions; for they are not applicable in cases where contracts are prohibited by statute. If the prohibition contained in the rules of the order was all that was in the case, the principles might be availing to the plaintiff. The statute, however, restricts the age limit of members to those not over sixty years of age. It provides that only persons not less than sixteen and not more than sixty years of age may be admitted to membership in fraternal benefit societies. This amounts to a prohibition against admitting members over sixty years of age.

The general rule is that if a statute prohibits a corporation from making a contract of a certain kind, the contract is void, even though not expressly declared to be so in the statute, and it is incapable of ratification. The doctrine of *ultra vires* has no application in the case of contracts by a private corporation, the making of which is prohibited by statute, or where their enforcement would be against public policy on account of being immoral. The reason given is that the powers delegated by the State to corporations are matters of public law of which no one can plead ignorance. *Steele* v. *Fraternal Tribunes,* 215 Ill. 190, 106 Am. St. Rep. 160.

In *Haner* v. *Grand Lodge A. O. U. W. of Nebraska,* 168 N. W. 189, the Supreme Court of Nebraska said that the general rule seems to be that a fraternal society may waive its own rules and by-laws, but it cannot waive the provisions of a statute made for its government. See, also, *Tuite* v. *Supreme Forest Woodmen Circle,* 130 Mo. App. 619, 187 S. W. 137.

The principle is also recognized in *White* v. *Commercial & Farmers' Bank,* 66 S. C. 491, 97 Am. St. Rep. 803, where it was held that contracts *ultra vires* cannot be made the foundation for the liability of a corporation, nor can a corporation be made liable on a contract which the law prohibits it from entering into. It was said that in such cases the court will not lend its aid in the enforcement of rights growing out of a contract expressly forbidden by statute, but will leave the parties to the unlawful contract where it finds them.

So, too, *In re Assignment Mutual Guaranty Fire Insurance Company,* 107 Iowa 143, 70 Am. St. Rep. 149, the Supreme Court of Iowa held that where a mutual insurance company issues a policy which it is prohibited by law to issue, the policy is illegal and void, and the fact that premiums have been paid thereon and used by the company will not estop it from pleading *ultra vires* to a suit on the policy. Fraternal benefit societies do not have a capital stock, and are organized and carried on

solely for the mutual benefit of their members. Our statute regulating such societies was manifestly enacted to protect the members, who are incapable of protecting themselves. It is well known that in such societies the officers make the rules and by-laws, and that the members have practically no voice in the management of the affairs of the order. The Legislature having thus intended to restrict the age limit of the members of such societies for the purpose of protecting the members, the courts are bound to carry out the statute and to see that it is not violated. Otherwise the officers of such societies, by a course of conduct, could abrogate a statute and thus do indirectly what the statute prohibits them from doing directly.

But it is insisted that the defendant has failed to show that it was a fraternal benefit society within the meaning of the statute. We cannot agree with counsel in this contention. Sec. 6068 of Crawford & Moses' Digest contains a definition of fraternal benefit societies. It provides that any corporation, society, etc., without capital stock, organized and carried on solely for the mutual benefit of its members and their beneficiaries, and having a lodge system with ritualistic form of work and representative form of government, etc., is declared to be a fraternal benefit society.

Sec. 6069 provides that any society having a supreme governing body and subordinate lodges into which members shall be initiated and admitted, in accordance with its constitution, laws and prescribed ritualistic ceremonies, which subordinate lodges shall be required to hold regular meetings at least once in each month, shall be deemed to be operating under the lodge system.

It is fairly inferable from the benefit certificate sued on and from the testimony of the treasurer and the head officer of the local lodge that the defendant is a fraternal benefit society within the meaning of the statute. The benefit certificate recites that it was issued by the supreme lodge, and that Luke Jefferson was a member of

the subordinate lodge at Arkadelphia. It also recites that his daughter is the beneficiary, and that the insured agrees to be governed by the constitution and by-laws of the supreme colony and to pay the local colony the requisite amounts to maintain membership in the society.

It is fairly inferable from the testimony of the officers of the local lodge that it had a ritualistic form of work. They testify that it was a secret order, and that it had regular meetings. It is also shown that the dues were paid monthly, and that part of the dues was kept by the local lodge and that a part of them was sent to the supreme governing body.

Therefore it is inferable from the evidence that the defendant is a fraternal benefit society within the meaning of the statute.

It follows from the views we have expressed that the court erred in not instructing the jury that, if it should find from the evidence that Luke Jefferson was over sixty years of age at the time he became a member of the order, it should find for the defendant.

Therefore the judgment will be reversed, and the cause remanded for a new trial.