MITCHELL ET AL. *v.* HART, EXECUTOR, ET AL.

[No. 16,251. Filed March 5, 1940.]

*Davis Harrison,* for appellants.
*William E. Jeffrey, Silas Lipman,* and *Slaymaker, Merrell & Locke,* for appellees.

STEVENSON, J.—The State Protective Corporation was an Indiana corporation organized under an act entitled, ''An Act for the Incorporation of Societies not for Pecuniary Profit.'' (Acts 1889, page 141.) Its business consisted in the solicitation and sale of membership certificates issued by the corporation, which certificates provided for benefits to be paid to members in the event of disability or death. The consideration for such certificates was the payment of a membership fee and certain fees or assessments thereafter.

On July 3, 1934, the corporation had sold more than 30,000 of these membership certificates and on that day the appellee Louie H. Oberreich was appointed receiver of this corporation. This receiver now has on hand approximately $35,000.00 as assets of this corporation. During the administration of this receivership the appellant herein, on behalf of himself and all other policy holders or membership certificate holders similarly situated, filed a pleading which is designated as a cross-complaint, to which complaint were made cross-defendants the appellee Jesse L. Hart, Executor of the estate of Waxa W. Goodman, deceased, who had a claim filed against the receivership as a policy claimant and all persons similarly situated, and the appellee Oberreich, as receiver. The appellees Andy Chitiea, Sarah Groom, Alice Carmen, and Eleanor L. Campion were permitted to intervene as cross-defendants and filed demurrers to the cross-complaint. The appellees Jesse L. Hart, executor, and Louie H. Oberreich, receiver, also filed separate and several demurrers to the amended cross-complaint. These demurrers challenged the sufficiency of the cross-complaint. The reasons assigned are that the cross-complainant has no such common interest in the relief sought with other policy holders or claimants under policies as would entitle him to maintain a class suit; that the interest of the cross-complainant as a holder of a membership certificate is directly opposed and adverse to the claim of beneficiaries of deceased contract holders and claimants for benefits under contracts issued; and that the cause of action sought to be alleged is not a joint cause of action in favor of all parties similarly situated. The demurrers further present the question as to the right of the corporation to declare void their contracts as against

complainants who have fully performed. The court sustained these separate and several demurrers, to which rulings the appellant excepted and refused to plead further. Judgment was entered against him on his cross-complaint and this appeal has been perfected.

The appellant assigns as error in this court the action of the trial court in sustaining the demurrers filed by each of the appellees. For the purposes of this case it is sufficient to say that the cross complaint alleges and the demurrers admit that the State Protective Corporation was engaged in the business of selling policies of life, accident, and disability insurance. This corporation was not licensed under the statutes of Indiana to engage in or transact such business. The cross-complaint further alleged that all of their acts in the sale of membership certificates were void, and concluded with a prayer that all monies received by the corporation from the sale of membership certificates be distributed pro rata to the cross-complainant and to each member who had contributed to such fund, after the payment of its valid indebtedness and expenses of the receivership.

The first question therefore presented for our consideration is whether or not the acts of the corporation in the sale of its membership certificates were void or only contracts ultra vires.

The parties do not contend that the State Protective Corporation had authority under its charter to engage in the insurance business. In fact, our statute expressly forbids such corporation from issuing policies of insurance. §39-419 Burns' Indiana Statutes 1933, §9769 Baldwin's 1934. Since our statute expressly prohibits this corporation from making this type of contract, it necessarily follows that such a contract so attempted

is void. The general rule has been announced as follows:

> "Another principle of general recognition is that a corporation cannot enter into, or bind itself by, a contract which is expressly prohibited by its charter or by statute; and in the application of this principle it is immaterial that the contract, except for the prohibition, would be lawful. No one is permitted to justify an act which the legislature, within its constitutional power, has declared shall not be performed. An illegal contract in the sense of malum in se or malum prohibitum is beyond the power of any one to make, corporation or private individual. It has accordingly been stated that the doctrine of ultra vires has no application to contracts of private corporations the making of which is prohibited by statute." 13 Amer. Jur. 786, §756.

While it is true that the insurance statutes of this state do not declare that contracts issued by companies not authorized to engage in the insurance business are void, yet the failure of the statute so to declare does not change the rule. *Sandage et al.* v. *The Studabaker Brothers Manufacturing Co.* (1895), 142 Ind. 148, 41 N.E. 380; *The Bright National Bank of Flora, Indiana* v. *Hartman et al.* (1916), 61 Ind. App. 440, 109 N.E. 846; *Beecher* v. *Peru Trust Company et al.* (1912), 49 Ind. App. 184, 97 N.E. 23.

> "The general rule is that if a statute prohibits a corporation from making a contract of a certain kind, the contract is void, even though not expressly declared to be so in the statute, and it is incapable of ratification. The doctrine of ultra vires has no application in the case of contracts by a private corporation, the making of which is prohibited by statute, or where their enforcement would be against public policy on account of being immoral. The reason given is that the powers delegated by the state to corporations

are matters of public law of which no one can plead ignorance." *United Order of Good Samaritans* v. *Meekins* (1922), 155 Ark. 407, 411, 244 S.W. 439, 28 A.L.R. 89, 91.

This same principle is announced by our Supreme Court in the following language:

"That there can be no recovery on a contract made in violation of a statute, as between the parties thereto, the violation of which is prohibited by a penalty, is a principle well recognized by the courts. This is true, although the statute does not, in terms, pronounce the contract void nor expressly prohibit the same. This doctrine is well supported by many English and American decisions." *Sandage et al.* v. *The Studabaker Bros. Mfg. Co.* (p. 156), supra.

The appellees contend that even though the contracts made with the State Protective Corporation are forbidden by statute, the company, having accepted premium payments, is estopped to assert the invalidity of such contracts. This contention cannot prevail where the contract is one forbidden by statute. This question was before the Supreme Court of Illinois in the recent case of *People ex rel. Nelson* v. *Wiersema State Bank* (1935), 361 Ill. 75, 94, 197 N.E. 537, and was discussed by this court in the following language:

"In this State it is well settled that when a contract of a corporation is ultra vires, that is to say, outside the object of its creation as defined by the law of its organization and therefore beyond the powers conferred by the Legislature, it is not only voidable but wholly void, and of no legal effect. It cannot be ratified, because it could not have been legally made. No performance by the parties can give it validity or become the foundation of any right of action upon it. Neither party is estopped by assenting

to it or by acting upon it to show that it was prohibited. The power in controversy having been withheld, its exercise was thereby prohibited. The powers delegated by the state to corporations are matters of public law, of which no one can plead ignorance. Parties dealing with them are chargeable with notice of those powers and their limitations. A contract void because prohibited by law cannot in any manner be enforced. The law does not prohibit and also enforce a contract.'' 101 A.L.R. 501, 514.

In the light of these authorities it is our opinion that the holders of the certificates issued by the State Protective Corporation acquired no rights thereunder that are enforceable as such. Their only remedy is in the nature of a recovery for money received. The law will compel restitution from one who obtains money or property from another fraudulently, unjustly, or without authority. The law creates a duty to return any money which is procured under such circumstances that in equity and good conscience it ought not to be retained. *Pink* v. *Title Guarantee Trust Co.* (1937), 274 N. Y. 167, 8 N.E. (2d) 321. See also *People's State Bank* v. *Caterpillar Tractor Co.* (1938), 213 Ind. 235, 12 N.E. (2d) 123. As to such a cause of action all certificate holders stand on the same basis and are entitled to the enforcement of the same right. It follows, therefore, that one such certificate holder may maintain an action to recover the amount contributed by him not only for the benefit of himself but such action may be maintained for the benefit of all similarly situated. Our statute provides that ''when the question is one of common or general interest of many persons or it is impractical to bring them all before the court, one or more may sue or defend for

the benefit of the whole." §2-220 Burns' Ind. Statutes 1933, §35 Baldwin's 1934.

The cross-complaint alleges that more than 30,000 certificate holders have contributed to the money now in the hands of the receiver as the property of the State Protective Corporation. Each of these certificate holders is entitled to a pro rata share of the balance remaining in the hands of the receiver after the payment of certain prior claims. It would certainly be contrary to the intent and purposes of the above statute to hold that each certificate holder must maintain a separate action to recover the amount due him.

Our courts have frequently held that where a liability exists on the part of a corporation to numerous creditors "one action to enforce this liability may be brought by one creditor on behalf of himself and all other creditors." *State ex rel. Dept. of Financial Institutions* v. *Sonntag et al.* (1936), 101 Ind. App. 557, 195 N.E. 601; *Gaiser* v. *Buck* (1931), 203 Ind. 9, 179 N.E. 1; *Hall et al.* v. *Essner et al.* (1935), 208 Ind. 99, 193 N.E. 86; *Englehart's Estate et al.* v. *Larimer et al.* (1937), 211 Ind. 218, 5 N.E. (2d) 304.

The court was accordingly in error in sustaining the demurrer of each of the appellees to the appellant's cross-complaint. Because of this error, the judgment of the trial court is reversed with instructions to overrule the demurrer of each of the appellees and for further proceedings consistent with this opinion.

Judgment reversed.