## RAILWAY MAIL ASS'N v. CHAMBERLIN.

### CHAMBERLIN v. RAILWAY MAIL ASS'N et al.

#### Nos. 12951, 12953.

Circuit Court of Appeals, Eighth Circuit.

April 4, 1945.

A. L. Barber, of Little Rock, Ark. (E. A. Henry and John B. Thurman, both of Little Rock, Ark., on the brief), for Railway Mail Assn.

E. W. Moorhead, of Little Rock, Ark., for Horace Chamberlin, Adm'r, etc.

Before SANBORN, WOODROUGH, and RIDDICK, Circuit Judges.

SANBORN, Circuit Judge.

These appeals are from a judgment for the plaintiff, Horace Chamberlin, Administrator, in an action to recover upon a certificate of insurance issued by the defendant Railway Mail Association to Ernest J. McCauley, deceased. The defendant asserts that the evidence does not support the

judgment. The plaintiff contends that the court should have included in the judgment a statutory penalty and attorney's fees.

The Railway Mail Association is a fraternal beneficiary association organized under the laws of New Hampshire. It writes accident insurance upon the assessment plan. Its membership is limited to "Railway Postal Clerks". By a certificate issued on September 18, 1916, to Ernest J. Mc-Cauley, of Little Rock, Arkansas, the Association insured him in the sum of $4,000 against accidental death. The insured, while still a member of the Association, died on July 22, 1943, from an accidental injury. The plaintiff furnished proof of death. The Association denied liability. This action followed.

The defenses asserted by the Association were (1) that suitable proof of death had not been furnished, and (2) that the insured came "to his death as a result of his own intemperate conduct, and while under the influence of intoxicating liquor or alcohol". The constitution of the Association, which was a part of the contract of insurance, provided against liability "for any death or disability resulting from an accident to a member who is under the influence of or in consequence of having been under the influence of intoxicating liquor, alcohol or narcotics."

The issues were tried to the court. The Association undertook to prove that at the time the insured fell and sustained the injury which caused his death he was so intoxicated from drinking beer as to absolve the Association from liability on account of his death. H. C. Wilson and his wife, who were tenants of, and living in the same house with, the insured when he fell, testified, for the Association, that the insured was intoxicated at the time. The testimony of the Wilsons, if believed, would have warranted, and perhaps have required, a judgment in favor of the Association.

 The District Court did not believe the Wilsons. There are several reasons why it was not compelled to believe them. They were not disinterested witnesses. H. C. Wilson was a member of, and insured by, the Association. He therefore had an interest in the outcome of the case. There was credible evidence that the Wilsons had made statements as to the condition of the insured at the time he was injured which were entirely inconsistent with their testimony. Their testimony was not free from improbabilities. This Court has repeatedly pointed out that the mere fact that the testimony of a witness is not expressly contradicted does not mean that the trier of the facts must accept it as true. Doering v. Buechler, 8 Cir., 146 F.2d 784, 787; Elzig v. Gudwangen, 8 Cir., 91 F.2d 434, 440–444. It is elementary that the appearance of witnesses, their manner of testifying, their fairness and frankness or lack of those qualities, and the probability or improbability of their testimony, are, in a nonjury case, matters for consideration by the trial judge in appraising their credibility and the weight to be accorded their evidence.

 The Association complains of certain extemporaneous remarks of the District Court which were made at the close of the trial. These remarks related to the court's reasons for discrediting the testimony of the Wilsons. The Association made no objection and took no exception to the remarks at the time they were made. The informal and somewhat desultory remarks of the court which are now criticized are no part of the findings of fact which were subsequently made and filed. Nothing would be more futile than a remand of this case so that the trial court might revise its remarks relative to its reasons for disbelieving the Wilsons. The basis for the judgment is the trial court's findings of fact. Those findings are binding upon this Court unless clearly erroneous. Federal Rules of Civil Procedure, Rule 52(a), 28 U.S.C.A. following § 723c. The findings are not clearly erroneous, since they have adequate evidence to support them, are not contrary to the clear weight of the evidence, and are not shown to have been induced by an erroneous view of the law. Gasifier Mfg. Co. v. General Motors Corporation, 8 Cir., 138 F.2d 197, 199; Policyholders' National Life Insurance Co. v. Harding, 8 Cir., 147 F.2d 851.

Whether the judgment against the Association should have included the 12% statutory penalty and attorney's fee under § 7670 of Pope's Digest of the Statutes of Arkansas, concededly depends upon whether the Association is an "accident insurance company" within the meaning of that section or a "fraternal benefit society" within the meaning of § 7854 et seq. of Pope's Digest.

The District Court found as a fact that "The defendant, Railway Mail Association,

is a fraternal benefit association, as such an association is defined and recognized by the laws and statutes of the State of Arkansas"; and concluded that the plaintiff was not entitled to the statutory 12% penalty and attorney's fees.

The plaintiff asserts that the Association is not a "fraternal benefit society", for the reasons (1) that, under § 7858 of Pope's Digest, such a society must provide "for the payment of death benefits", whereas the Association writes only accident insurance, and (2) that, since the association limits its membership to one hazardous occupation, it is, by virtue of § 7904 of Pope's Digest, unable to qualify as a "fraternal benefit society" under the laws of Arkansas relating to such societies, and hence is an "accident insurance company."

Apparently, a fraternal benefit society, under § 7905 of Pope's Digest, may confine itself to writing accident insurance alone. That such a society enjoys the exemption from regulation provided by § 7904 for those "societies which limit their membership to any one hazardous occupation", would hardly make it an "accident insurance company."

In the case of Railway Mail Ass'n v. Johnson, 140 Ark. 289, 215 S.W. 682, 683, the Supreme Court of Arkansas refers to the Association as "a fraternal insurance society duly incorporated and domiciled at Portsmouth, New Hampshire, with a branch office at Little Rock." The cases of Knights of Maccabees v. Anderson, 104 Ark. 417, 148 S.W. 1016; United Order of Good Samaritans v. Meekins, 155 Ark. 407, 244 S.W. 439, 440, 441, 28 A.L.R. 89; and Gallegly v. American Ins. Union, 180 Ark. 4, 20 S.W.2d 642, 645, appear to sustain the conclusion of the trial court that the Association is a fraternal benefit society and not liable for the statutory penalty and attorney's fees. The plaintiff finds some support for his position from language used in Locomotive Engineers Mut. Life & Accident Ins. Ass'n v. Vandergriff, 192 Ark. 244, 91 S.W.2d 271, 274, and Modern Woodmen of America v. State, 193 Ark. 458, 103 S.W.2d 38, 43. Those cases are clearly distinguishable upon their facts.

██ It is conceivable that the Supreme Court of Arkansas might, if this case were before it, hold that the Association is not a fraternal benefit society, and is subject to the imposition of the statutory penalty and attorney's fees. The question is debatable and perhaps doubtful. There is no reason, however, why this Court should overturn the ruling of the trial court upon this doubtful question of Arkansas law. In deciding what the highest court of a state would probably hold the state law to be, great weight may properly be accorded by this Court to the view of the trial court. This Court would be justified in adopting a view contrary to that of the trial court, only if convinced of error. Magill v. Travelers Ins. Co., 8 Cir., 133 F.2d 709, 713; Doering v. Buechler, 8 Cir., 146 F.2d 784, 788. We are not convinced of error.

The judgment appealed from is affirmed.