### GLOBE INDEMNITY CO. v. WOLCOTT & LINCOLN, Inc.

### No. 13138.

Circuit Court of Appeals, Eighth Circuit.

Dec. 26, 1945.

Thomas E. Deacy, of Kansas City, Mo. (C. B. Kimberly and Milligan, Kimberly & Deacy, all of Kansas City, Mo., on the brief), for appellant.

Wilfred Wimmell, of Kansas City, Mo. (M. W. Borders and Borders, Reinhardt, Margolin & Wimmell, all of Kansas City, Mo., on the brief), for appellee.

Before SANBORN, WOODROUGH, and JOHNSEN, Circuit Judges.

SANBORN, Circuit Judge.

The question for decision is whether the appellee, the insured under two "Depositors Forgery Bonds" issued by the appellant, is entitled to recover $10,000 under each of the bonds, or $10,000 under both of the bonds.

The facts are not in dispute. The appellant, on May 9, 1940, issued to the insured a "Depositors Forgery Bond" covering, to the extent of $10,000, losses sustained during the period June 6, 1940, to June 6, 1943, from the forgery of checks, drafts, promissory notes, and similar instruments made or drawn by the insured at its principal office in Kansas City, Mo., if such losses were discovered prior to the expiration of twelve months after the cancellation, termination, or expiration of the bond. The bond had attached to it a "Superseded Suretyship Rider" and superseded a like bond of the Maryland Casualty Company which terminated June 6, 1940. On May 12, 1943, the appellant issued a second "Depositors Forgery Bond"

to the insured. It differed in no substantial respect from the first bond, except that it covered the period June 6, 1943, to June 6, 1946, had attached to it another form of "Superseded Suretyship Rider", and superseded the first bond issued by the appellant to the insured, instead of a bond written by another insurance carrier.

Within twelve months from June 6, 1943, the date of the termination of the first bond issued by the appellant, the insured discovered that it had sustained, during the period covered by that bond, a loss from forgery, at its principal office, which exceeded $10,000. It also discovered that it had sustained a like loss during the period of the second bond. The insured notified the appellant of these losses and demanded that it pay $10,000 under each bond, or a total of $20,000. In reliance upon what it regarded as a limitation of the aggregate amount of its liabilities under both bonds in the "Superseded Suretyship Rider" attached to the second bond, the appellant tendered the insured $10,000 in full payment of its losses under both bonds. The tender was declined, and this action was brought by the appellant for a declaratory judgment determining that the total amount for which it was liable under both bonds was $10,000. In its answer, the insured demanded judgment for $20,000. The case was tried to the court. The court decided that the appellant owed the insured $20,000, and entered judgment accordingly. This appeal is from the judgment.

Briefly stated, the contention of the appellant is that the "Superseded Suretyship Rider" attached to the second bond in plain and unequivocal language limited the aggregate amount of the appellant's liabilities under both bonds to $10,000. This rider reads as follows:

"Superseded Suretyship Rider for Depositors Forgery Bond which supersedes Depositors Forgery Bond—Bonds executed by Same Company. * * *.

"Rider

"To be attached to and form a part of Depositors Forgery Bond, issued by Globe Indemnity Company (hereinafter called Company), dated the 6th day of June, 1943, and in favor of Wolcott & Lincoln, Inc. (hereinafter called Insured).

"Whereas, the Company issued a Depositors Forgery Bond (hereinafter called prior bond), dated the 6th day of June, 1940, and in favor of the Insured; and

"Whereas, the prior bond, as of the time the attached bond becomes effective has expired or has been cancelled or terminated by notice or agreement as is acknowledged by the issuance and acceptance of the attached bond and this rider.

"Now, Therefore, it is hereby understood and agreed as follows:

"1. That the attached bond shall be construed to cover, subject to its terms, agreements, limitations and conditions, any loss or losses under the prior bond which shall be discovered after the time limited therein for the making of claim or the discovery of loss thereunder and before the expiration of the time limited in the attached bond for the discovery of loss thereunder, and which loss or losses would have been recoverable under the prior bond had it continued in force until the cancellation, termination or expiration of the attached bond, and are covered by the attached bond at the time it becomes effective.

"2. That there shall be no liability under the attached bond as extended by this rider on account of any office covered under the prior bond unless such office be also covered under the attached bond at the time it becomes effective.

"3. That liability under the attached bond as extended by this rider for loss or losses under the prior bond on account of any office shall not exceed the amount carried on such office under the attached bond at the time the attached bond becomes effective less all deductions on account of all payments made on account of such office under the attached bond and the attached bond as extended by this rider, and less all other deductions therefrom required to be made by the attached bond, or the amount which would have been recoverable under the prior bond on account of such loss or losses had the prior bond continued in force until the cancellation, termination or expiration of the attached bond, if the latter amount be the smaller.

"4. That liability under the prior bond and the attached bond on account of any office shall not be cumulative in amounts and to that end losses under the prior bond on account of such office shall be paid first, and any sum or sums which shall be paid under the attached bond on account of such office shall be deducted from any amount or amounts carried under the prior bond, and any sum or sums which shall be paid on account of such office under the prior bond and/or the attached bond as extended

by this rider shall be deducted from any amount or amounts carried under the attached bond, such deduction, in either of the above cases, to be made in the same manner and subject to the same limitations and conditions as payments under the attached bond on account of any office are required to be deducted, but any sum or sums so deducted from any amount or amounts of the attached bond shall be restored thereto as provided in the attached bond and an additional pro rata premium shall be paid as provided therein.

"Signed, sealed and dated this 6th day of June, 1943.

> "Globe Indemnity Company
> "By R. E. Fitzherbert
> "Attorney-in-fact
> "Joseph M. Rehm
> "Assistant Secretary."

It is paragraph 4 of the rider upon which the appellant relies to limit the amount of its liabilities under both bonds to $10,000.

The District Court, in effect, decided: (1) That the only subject with which the rider dealt was the conditional assumption of liability by the appellant for losses sustained but not recoverable under the first bond because not discovered within twelve months from the termination of that bond. (2) That the purpose of paragraph 4 of the rider was to make it entirely clear that the liability of the appellant for losses from forgery sustained during the term of the second bond and the liability assumed by the appellant under the terms of the rider for losses sustained during the period of the first bond but not discovered within twelve months from the termination of that bond, should not be "cumulative in amounts" and should not together exceed the $10,000 limit of liability under the second bond.[1]

Unless convinced that the District Court's construction of the rider is erroneous, we would not be justified in adopting a contrary view. Magill v. Travelers Ins. Co., 8 Cir., 133 F.2d 709, 713; Doering v. Buechler, 8 Cir., 146 F.2d 784, 788; Railway Mail Ass'n v. Chamberlin, 8 Cir., 148 F.2d 206, 208; Russell v. Turner, 8 Cir., 148 F.2d 562, 564. The bonds in suit are Missouri insurance contracts. The applicable law is that of Missouri. The judge who tried and decided the case is entirely familiar with the law of Missouri relating to the construction of insurance contracts. His opinion represents his considered view of the construction which would probably be given to this rider by the Supreme Court of Missouri in a like case. Concededly, there is no Missouri decision construing the language of such a rider differently.

Instead of attempting to make a detailed analysis of the verbiage of paragraph 4 of the rider attached to the second bond in suit, we shall briefly point to the

---

[1] The District Court, in its opinion, said:

"It is the contention of the plaintiff that the above quoted paragraph 4 of the second policy or bond had the legal effect 'to render all losses under both bonds non-cumulative.' This contention may be answered by repeating such portions of clause 4 as become applicable to the facts under consideration.

" '4. That liability under the prior bond and the attached bond on account of any office shall not be cumulative in amounts * * * and any sum * * * which shall be paid on account of such office under the prior bond * * * *as extended by this rider* shall be deducted from any amount or amounts carried under the attached bond, * * * *.'

The use of the words 'as extended by this rider' refers of course to the liability assumed by the plaintiff for losses, the discovery of which was too late to create liability under the first and prior policy or bond. Since the losses in this case under the first bond were not 'extended by this rider' so as to enable defendant to recover, then it is obvious that the rider does not limit the losses and does not render the losses under the bond non-cumulative.

"2. While the clause in question does not appear to be ambiguous, yet if susceptible of the construction placed by able counsel for the plaintiff, then it would indeed and in truth be quite seriously ambiguous. If it had been the purpose of the rider to render the losses on the two bonds non-cumulative, then clear and precise language could have been and should have been employed for that purpose. If susceptible of the interpretation placed by counsel, then the rider becomes a veritable trap to deceive and ensnare its loyal and persistent policyholders under the pretext of liberalizing its obligations. It accepts on the one hand a full premium payment and on the other it proposes to give nothing for such payment. It would be a discrimination in violation of law."

considerations which indicate to our minds that the District Court reached a permissible conclusion.

The "Superseded Suretyship Rider" attached to the first bond in suit obviously dealt only with the subject of the conditional coverage by the appellant of losses sustained from forgery while the bond of the Maryland Casualty Company was in effect but not discovered in time to be recovered from that company. There was nothing in that rider limiting the aggregate amount of the liabilities under the first bond and the bond of the Maryland Casualty Company which preceded it.

The subject matter of the "Superseded Suretyship Rider" attached to the second bond was similar to that of the rider attached to the first bond. Paragraphs 2, 3 and 4 of the rider attached to the second bond reasonably may be regarded as limitations upon the coverage provided in paragraph 1 of that rider. There is no substantial basis for assuming that the appellant intended that the insured should have less coverage during the first year the second bond was in effect than the insured had had during the first year after the first bond was written, or less coverage than its premium payments would purchase. A full premium was paid for each of the bonds. No unearned premium upon the first bond was returned at the time the second bond was written.

The provision of paragraph 4 of the rider attached to the second bond that "liability under the prior bond and the attached bond on account of any office shall not be cumulative in amounts," cannot, we think, be taken and understood to be a limitation of the aggregate amount of the liabilities of the appellant under both bonds. The liability of the appellant under the first bond and its liability under the second bond were not cumulative liabilities, but were separate liabilities, for separate amounts, under separate contracts of insurance. Hence an agreement that these distinct liabilities should not be cumulative in amounts would be meaningless.

As already pointed out, the appellant, by paragraph 1 of the rider attached to the second bond, extended the coverage of that bond to "losses under the prior bond which shall be discovered after the time limited therein for the making of claim or discovery of loss thereunder." If the words "liability under the prior bond", as used in paragraph 4 of this rider, are taken to mean the liability of the appellant for those losses under the prior bond which are covered by paragraph 1 of the rider, then the words "shall not be cumulative in amounts" are appropriate to express the intent that the liability of the appellant for losses under the second bond and its liability for losses under the first bond which are covered by paragraph 1 of the rider shall be noncumulative in amounts and that the sum of those liabilities shall not exceed the $10,000 limit specified in the second bond. The appellant, however, contends that this matter was adequately taken care of by paragraph 1 of the rider (attached to the second bond) which subjected the assumption of liability for undiscovered losses under the first bond to the "terms, agreements, limitations and conditions" of the second bond. But paragraph 1 of the "Superseded Suretyship Rider" which was attached to the first bond was the same as paragraph 1 of the rider attached to the second bond; and paragraph 4 of the rider attached to the first bond read as follows:

"[Now, Therefore, it is hereby understood and agreed as follows:] * * *

"4. That any sum or sums which shall be paid under the attached bond as extended by this rider on account of any office covered under the prior bond shall be deducted from any amount or amounts carried under the attached bond, such deductions to be made in the same manner and subject to the same limitations and conditions as payments under the attached bond are required to be deducted, but any sum or sums so deducted from any amount or amounts of the attached bond shall be restored thereto as provided in the attached bond and an additional pro rata premium shall be paid as provided therein."

This indicates that the appellant considered it important to insert in a "Superseded Suretyship Rider" a paragraph which would prevent an insured from claiming that the total liability of the appellant under both the bond and the rider was not limited to the amount specified in the bond. It is conceivable that, without such a paragraph, an insured might assert that losses under the bond and losses under the rider were covered separately to the full limit of liability.

■ It is, no doubt, true that if paragraph 4 of the rider attached to the second bond were to be completely removed from its setting and read literally as an independent agreement between the appellant

and the insured with respect to the appellant's liability under each of the bonds in suit, it would be difficult, if not impossible, to reconcile some of the language used with the interpretation given to the paragraph by the District Court. But the rule in Missouri, as elsewhere, is that "The just interpretation of a contract arises on the whole subject matter. It must be viewed from end to end and corner to corner, and all its terms pass in review; for one clause may modify, limit, or illuminate the other." Mathews v. Modern Woodmen of America, 236 Mo. 326, 342, 139 S.W. 151, 155, Ann. Cas.1912D, 483; Sulzbacher v. Travelers Ins. Co., 8 Cir., 137 F.2d 386, 391, and cases cited. When the rider upon which the appellant relies is considered in its entirety and in the light of its apparent purpose to give the insured more coverage than it would have had if the rider had not been attached, it seems reasonably clear that the District Court was fully justified in treating paragraph 4 as relating solely to the liability of the appellant for losses covered by the second bond and by paragraph 1 of the rider attached to it.

The judgment appealed from is affirmed.