**BUSH v. DISTRICT OF COLUMBIA.**

No. 958.

Municipal Court of Appeals for the
District of Columbia.

Argued Nov. 27, 1950.

Decided Jan. 16, 1951.

Frank D. Reeves, Washington, D. C., with whom Curtis P. Mitchell, B. Dabney Fox and Henry Lincoln Johnson, Jr., all of Washington, D. C. were on the brief, for appellant.

Edward A. Beard, Asst. Corp. Counsel, Washington, D. C., with whom Vernon E. West, Corp. Counsel, and Chester H. Gray, Principal Asst. Corp. Counsel, Washington, D. C., were on the brief, for appellee.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

HOOD, Associate Judge.

Appellant was found guilty of operating a motor vehicle in the District of Columbia without having a District of Columbia operator's permit. Section 40—301 of the 1940 Code, Supp. VII, provides for the issuing of motor vehicle operators' permits by the District of Columbia authorities, and paragraph (e) of said section provides: "No individual shall operate a motor vehicle in the District, except as provided in section 40—303, without having first obtained an operator's permit * * * issued under the provisions of this chapter". Section 40—303(a) provides: "The owner or operator of any motor vehicle who is not a

legal resident of the District, and who has complied with the laws of any state * * * in respect of the registration of motor vehicles and the licensing of operators thereof, shall, subject to the provisions of this section, be exempt from compliance with section 40—301 * * *."

The main question raised on this appeal is whether in a prosecution under section 40—301 it is incumbent on the government to allege and prove that the defendant is not a person exempted under section 40—303.

■ We have ruled that "where a person claims to fall within an exception to a statute, this is a matter of defense and must be shown by the defendant, and it is not the duty of the government·to either allege or prove that the defendant does not come within the exception." Vincent v. United States, D.C.Mun.App., 58 A.2d 829, 832. Appellant, however, insists that the exception in the statute in question is an essential part of the description of the offense, and that the prosecution must allege and affirmatively prove that the party charged is not within the exempted class.

■ In Williams v. United States, 78 U.S.App.D.C. 147, 138 F.2d 81, 82, 153 A.L.R. 1213, the court, after holding that there is no rule which can be mechanically applied in determining whether an exception is so incorporated with the clause defining an offense that it becomes in fact a part of the description, said: "It is a fair assumption that Congress did not intend to put difficulties in the way of the prosecution unnecessary in the interest of ordinary fairness. Therefore, in a situation where the facts relating to the exception are difficult for the state to obtain and are at the same time peculiarly within the knowledge of the defendants, the exception is usually considered as a defense or justification and not as part of the description of the offense itself."

■ Applying the above stated test, we hold that the exception in the instant case is a defense and not a part of the description of the offense. It would be an almost impossible task for the law enforcement officers to prove that a motorist is not within the exception. On the other hand, the facts relating to his residence and his compliance with the licensing laws of another state are peculiarly within the knowledge of the motorist and may be proved by him without difficulty. This "manifest disparity in convenience of proof and opportunity for knowledge" [1] calls for affirmative proof by the motorist, and we think imposes no undue hardship upon him.

Appellant further argues that even if he was called upon to prove the facts establishing his right to the exemption, he has done so. Appellant's automobile had Maryland tags and he had a Maryland driver's permit, and he testified that his "residence" at the time of trial and at the time of his arrest was Fairmont Heights, Maryland, that he had a home there, and that he intended to reside there permanently.

But appellant also testified that he told the officer at the time of the arrest that he lived on St. Catharine Street in the District. And he testified he had moved into the St. Catharine Street house some months before, that he and his wife had lived there for about two months prior to the arrest and were still residing there at the time of trial, and that he had not gone back to Maryland because he was doing some business for his father in the District.

Appellant also testified he had lived on Hayes Street in the District until he went into the army and returned to that address temporarily while he was building the house on St. Catharine Street, and that he lived on Hayes Street until the St. Catharine Street house was completed.

■ Although appellant testified he had a home in Maryland and intended to reside there permanently, he did not give positive testimony that he had ever lived there. His testimony was subject to the inference that he had lived at the Hayes Street address until the St. Catharine Street house was completed and that he had lived at the latter address continuously from its com-

1. Morrison v. People of State of California, 291 U.S. 82, 91, 54 S.Ct. 281, 285, 78 L.Ed. 664. See also United States v. Fleischman, 339 U.S. 349, 70 S.Ct. 739.

pletion to the time of trial, and that residence in Maryland was merely a contemplated future residence. Regardless of the meaning of "legal resident" as used in the statute, we know of no authority holding that one ceases to be a legal resident of one jurisdiction by merely forming an intention of moving to another jurisdiction where he has never resided.

In our opinion the evidence supported a finding that appellant was guilty under section 40—301 and was not within the exception of section 40—303.

Affirmed.