POTOMAC ENGINEERS, Inc., Plaintiff,

v.

Daniel WALSER, Chairman, et al., comprising the District of Columbia Board of Registration for Professional Engineers, Defendants.

Civ. A. No. 4139–54.

United States District Court, District of Columbia.

Dec. 22, 1954.

Edwin M. Woods, Washington, D. C., for plaintiff.

Robert D. Wise, Asst. Corp. Counsel, Washington, D. C., for defendants.

HOLTZOFF, District Judge.

The question presented in this matter is whether under the statutes of the District of Columbia a corporation may be registered and admitted to practice as a professional engineer. The plaintiff is a corporation that requested the District of Columbia Board of Registration for Professional Engineers to register it and to admit it to practice professional engineering in this jurisdiction. The appli-

cation was denied, on the ground that it is not possible to register corporations for that purpose. The matter comes before the Court on cross-motions for summary judgment.

The registration of professional engineers is regulated by the District of Columbia Code, Title II, §§ 1801 et seq. This statute, in brief, creates a District of Columbia Board of Registration for Professional Engineers, whose function it is to register professional engineers. Section 1802, subsection (b), defines the term "professional engineer" as "a person who, by reason of his special knowledge of the mathematical and physical sciences and the principles and methods of engineering analysis and design, customarily acquired by a prolonged course of specialized intellectual instruction and study and practical experience, is qualified to engage in the practice of engineering as attested by his certificate of registration as a professional engineer." Manifestly only a natural person can come within this definition. It cannot under any circumstances apply to an artificial person.

Section 1808 provides that to register as a professional engineer the applicant must be a person of good character and repute, who is a citizen of the United States, at least 25 years of age, and who speaks and writes the English language. Obviously only a natural person can comply with this requirement. Further, paragraph 3 of subsection (b) provides that the applicant must have had "four or more years' experience in engineering work of a grade or character satisfactory to the Board," "or is a graduate in engineering from an institution having a course in engineering of four or more years, and who, in either event, successfully passes a written, or written and oral, examination prescribed by the Board of engineering subjects." Obviously a corporation cannot take an examination. It is clear to the Court that the statute must be construed by its very terms as inapplicable to corporations and applicable to natural persons only.

It may be added that traditionally only natural persons can practice a learned profession, because only natural persons can be charged with the moral responsibility that the practice of a learned profession requires. While traditionally the learned professions have been regarded as the law, medicine and the ministry, I think that engineering, too, may properly be included in that class.

The Court concludes that the Board was correct in taking the position that a corporation is not entitled to registration as a professional engineer. The defendants' motion for summary judgment is granted and the plaintiff's motion is denied.