**T. V. ENGINEERS, INC., a body corporate, Appellant,**

v.

**DISTRICT OF COLUMBIA, Appellee.**

**No. 2616.**

Municipal Court of Appeals for the District of Columbia.

Argued Oct. 10, 1960.

Decided Jan. 11, 1961.

Rehearing Denied Feb. 1, 1961.

Richard W. Barton, Asst. Corp. Counsel, Washington, D. C., with whom Chester H. Gray, Corp. Counsel, Milton D. Korman, Principal Asst. Corp. Counsel, and Hubert B. Pair, Asst. Corp. Counsel, Washington, D. C., were on the brief, for appellee.

Before ROVER, Chief Judge, and HOOD and QUINN, Associate Judges.

HOOD, Associate Judge.

Appellant corporation was found guilty on an information charging that it did "by a sign represent itself to be a Professional Engineer and through the use of a title including the word engineers, to wit: 'T. V. Engineers,' imply that it is a Professional Engineer, without first being registered in the District of Columbia so to do."

Our Professional Engineers' Registration Act [1] declares the practice of engineering to be subject to regulation in the public interest, and provides for the registration of professional engineers. The Act makes it a misdemeanor for anyone to:

> " * * * by verbal claim, sign, letterhead, card, or in any other way represent himself to be a professional engineer or through the use of any title including the word 'engineer' or words of like import, or any other title, imply that he is a professional engineer without being registered as provided in this chapter, * * *." [2]

Appellant is incorporated in the State of Maryland under the name "T. V. Engineers, Inc.," is registered to do business in the District of Columbia, and operates a television repair business. Neither the president nor any of its employees is a professional engineer. The employees are "television technicians," i. e., men with experience and schooling in repairing television sets. Appellant displays signs on its place of business and trucks with the words "T. V. Engineers, Inc.," and those

Hymie Nussbaum, Washington, D. C., for appellant.

1. Code 1951, § 2–1801 et seq.

2. Code 1951, § 2–1814.

words are used in its advertisments in newspapers and telephone directories. Our question is whether the use of such words constitutes a violation of the Act.

■ Appellant's first contention is that it, a corporation, cannot be guilty of a violation of the Professional Engineers' Registration Act, because only a natural person may be registered under the Act, citing Potomac Engineers, Inc. v. Walser, D.C.D.C., 127 F.Supp. 41, affirmed 96 U.S. App.D.C. 64, 223 F.2d 356. From this it is argued that only a natural person may be guilty of violation of the Act. We cannot accept this reasoning. To do so would permit individuals to avoid the penalties of posing as professional engineers by the relatively simple act of incorporation. Although a corporation may not register under the Act, it may violate a provision of the Act; and incorporation under one chapter of the Code is not a license to violate regulations set forth in another part of the same Code.

■ Because the Act [3] excepts from its provisions "The practice of any other legally recognized profession," appellant argues that the information had to allege, and the government had to prove, that appellant was not within the exception. The exception is no part of the description of the offense; and if appellant claimed to come within the exception it had the burden of proving it.[4] Moreover, appellant's own evidence clearly showed that it was not engaged in the practice of any "legally recognized profession."

■ The remaining allegations of error go to the finding of the trial court that appellant's corporate name did imply that it was a professional engineering firm. We believe this was a factual determination for the trial court and we see no reason for setting it aside. Nor do we see any merit in appellant's argument that the

District had to show that it used the expression "professional engineer" before the trial judge could find it guilty of the offense charged. All the statute demands is proof that the term "engineer" was used. Whether the implication is to be made from a particular use is for the trier of fact.

Admittedly, appellant did not practice professional engineering within the terms of the statute. But the question presented to the trial judge was whether appellant implied, intentionally or not is of no matter, that it offered professional television engineering service. That there is a class of professional engineering known as "Electrical/Radio Television" was shown by the roster of the Board of Registration for Professional Engineers. We believe the trial court was justified in finding that the title, T. V. Engineers, Inc., implied a professional competence in that field. As was said in State Board of Examiners, for Architects and Engineers v. Standard Engineer. Co., 157 Tenn. 157, 7 S.W.2d 49:

> "While it is doubtless true that the defendants have not undertaken to practice architecture or engineering, strictly speaking, and they might pursue their business, as they have in the past, without endangering the public safety or welfare, nevertheless they have seen proper to advertise themselves as engineers. This is prohibited by law unless they are in fact engineers. * * * The Legislature, having the power to regulate the practice of architecture and engineering in the interest of the public safety, may deny to all except those qualified the right to advertise as architects or engineers."

Affirmed.

ROVER, Chief Judge, sat during the argument of this case but died before it was decided.

---

3. Code 1951, § 2–1810(f).

4. Bush v. District of Columbia, D.C.Mun. App., 78 A.2d 234.