RASA ENGINEERING CORPORATION, Plaintiff and Appellant, *v.* HORACIO DAUBÓN, VASCO DAUBÓN, and JOSÉ A. FRANCESCHINI, Defendants and Appellees.

No. 227. Decided October 9, 1962.

183

*Julio Suárez Garriga* for appellant. *L. E. Dubón, A. Torres Braschi,* and *R. Ruiz Sánchez* for José A. Franceschini.

Division composed of Mr. Chief Justice Negrón Fernández, Mr. Justice Blanco Lugo, and Mr. Justice Ramírez Bages.

MR. JUSTICE RAMÍREZ BAGES delivered the opinion of the Court.

It is alleged in the complaint of this case that appellees Horacio and Vasco Daubón and José A. Franceschini engaged the services of appellant corporation, Rasa Engineering Corporation, to prepare a preliminary plan for the construction of a building on a lot of appellee Horacio Vasco Daubón, at 1252 Ponce de León Avenue of Santurce, Puerto Rico, and authorized it to procure the approval of such preliminary plan before the Planning Board and other government agencies; that appellant prepared the preliminary plan and obtained approval on September 3, 1958. It is further alleged that the appellees engaged the services of appellant to set up the final drawings for the construction of a building on the said lot, and that appellant worked in the preparation of such drawings until October 7, 1958 when appellee Horacio Daubón, in the name of the other appellees, advised

appellant to discontinue the work; that such services are justly and reasonably worth the sum of $29,317, which appellees have failed to pay to appellant notwithstanding the steps taken to collect that amount.

A motion to dismiss the said complaint was filed alleging that it does not state sufficient facts to constitute a cause of action against appellee José A. Franceschini and in favor of appellant.

The trial court rendered judgment dismissing the complaint in this case as not being susceptible of amendment and held that, inasmuch as the practice of engineering or architecture by appellant corporation is illegal, so is the contract on which the latter's claim is based, and that appellees are not precluded by exception from resisting the claim on the ground of illegality because the contract is in contravention of public policy.

On appeal before this Court, appellant assigns as error that the judgment does not lie because in accordance with the General Corporation Law in force in Puerto Rico, the public policy was changed in the sense of permitting corporations to perform all acts, by themselves and through their officers and employees, which may be necessary for the purposes for which they were organized and vesting them with power to conduct their business as a natural person.

Appellant argues that in accordance with §§ 206 and 1205 of the General Corporation Law, 14 L.P.R.A. §§ 1206 and 2205 in force in Puerto Rico, the want of corporate power may not be invoked except by the Commonwealth or any agency or instrumentality thereof, or by its stockholders, in certain cases, nor shall a corporation allege or set up as a defense the want of legal organization, nor shall a person sued for injury to his property be permitted to allege or set up as a defense such want of legal organization. Appellant maintains that these provisions have established the Com-

mon-wealth policy of permitting corporations to perform all acts which may be necessary for the purposes for which the corporation was organized and vesting it with power to transact its business as if the same were owned and conducted by an individual. Lastly, appellant maintains that the judgment in this case actually cancels the certificate of incorporation of appellant in violation of § 1010 of the said Act, 14 L.P.R.A. § 2010, which outlines the procedure for revoking such certificate, which it alleges has not been followed in this case.

■ Under § 1 of Act No. 399 of May 10, 1951, 20 L.P.R.A. § 681, creating the Board of Examiners of Engineers, Architects, and Surveyors, it is illegal for any person to practice or offer to practice in Puerto Rico such professions unless the person is licensed as such professional under the provisions of that Act. This Act can refer only to individuals, for its requirements on academic training and examination before the Board, and registration, certification and membership may be fulfilled only by natural persons. Hence, although it may be argued that the word *person* employed in that Act includes corporations, the latter could never comply with the requirements prescribed by the Act in the sense of procuring and obtaining the corresponding certificate and their membership. *T. V. Engineers, Inc.* v. *District of Columbia*, 166 A.2d 920 (D.C. 1961); *Potomac Engineers, Inc.* v. *Walser*, 127 F. Supp. 41 (D.C. 1954).

Section 101 of the General Corporation Law excludes from the broad corporate purposes *"such purposes as are excluded from the operation of this Law by existing provision of law."* 14 L.P.R.A. § 1101. (Italics ours.)

■ In the light of the statutory provisions *supra*, the inescapable conclusion is that corporations can not practice the professions of engineering, architecture, and surveying in Puerto Rico, and that such action by a person not regis-

tered in pursuance of law, who has not obtained the corresponding certificate and who is not a member of the College of Engineers, Architects, and Surveyors, is an unlawful act constituting a misdemeanor. (14 L.P.R.A. § 710.) *Johnson-Olfsted Realty Co.* v. *City and County of Denver*, 1 P.2d 928 (Colo. 1931), reversed on other grounds in *McNichols* v. *City and County of Denver*, 274 P.2d 317 (Colo. 1954), 56 A.L.R.2d 726.

■ Under § 206 of the General Corporation Law *supra*, pointed out by appellant, the lack of corporate power can not be invoked in certain cases, but such provision is necessarily limited to powers which a corporation is not precluded by law from exercising. The purpose of this provision as well as of § 1205 of that Act is only to limit substantially the ultra vires doctrine, and they have nothing to do with actions in contravention of law which, as stated in this opinion, constitute "purposes excluded," according to § 101 of the Act *supra*. The services engaged in this case are "purposes excluded," constitute powers which a corporation can not exercise legally, and, therefore, they are acts which do not come within the ambit of the protection of the said § 206. Section 1205 of the Act does not apply either in any manner whatever, since this is not a case of mere lack of organization of appellant but one in which the latter attributes to itself "purposes excluded from the operation of this Law" in view of the provisions of the Act which regulates the practice of the professions of engineering, architecture, and surveying referred to above.[1] *Emerson* v. *Labor Investment Corporation*, 284 F.2d 946 (C.C.A. 10, 1960);

---

[1] (a) In *Buscaglia, Treas.* v. *Tax Court*, 65 P.R.R. 9 (1945), it was held that two attorneys admitted to practice the profession could practice the same through a partnership constituted by them although the latter is a person independent from its constituents. Contrary to the situation in the case of a professional corporation which may be constituted by an indeterminate number of stockholders and with respect to which there is no express authorization in Puerto Rico, § 1569 of the Civil Code, 31 L.P.R.A. § 4324, expressly authorizes the organization of professional part-

*Potomac Engineers, Inc.* v. *Walser*, 127 F. Supp. 41 (D.C. 1954); *Terwilliger* v. *Graceland Memorial Park Ass'n*, 173 A.2d 33 (N.J. 1961); *Community Credit Union* v. *Connors*, 105 A.2d 772, 774 (Conn. 1954); *Mitchell* v. *Hart*, 25 N.E.2d 665 (Ind. 1940); *Mercury Life and Health Company* v. *Hughes*, 271 S.W.2d 842 (Tex. 1954); *United Order of Good Samaritans* v. *Meekins*, 244 S.W. 439 (Ark. 1922); 27 Colum. L. Rev. 594 (1927).

The rendering of the services in question being an unlawful act in violation of a statute enacted and in force "for the purpose of protecting life, health, and property, and promoting public welfare," 20 L.P.R.A. § 681, can appellees benefit by the services rendered by appellant without obligation to pay the reasonable value?

■ In *Pagán* v. *Heirs of Padilla*, 42 P.R.R. 941 (1931), this Court cited the doctrine that "where the contract is void as against public policy, a person who has accepted a benefit hereunder will not be estopped to defend against the contract when it is sought to be enforced against him."[2] *Ruiz* v. *Méndez,* 86 F. Supp. 29 (P.R. 1949). This doctrine applies generally in the case of illegal practice of a profession. *F. F. Bollinger Co.* v. *Widman Brewing Corporation*, 14 A.2d 81 (Pa. 1940); *Baez* v. *Tippett*, 92 P.2d 1028 (Cal. 1939); *American Store Equipment & Construction Corp.* v. *Jack Dempsey's Punch Bowl, Inc.*, 21 N.Y.S.2d 117 (N.Y. 1939), *aff'd,* 28 N.E.2d 23; 6A CORBIN, Contracts, §§ 1512 and 1513; 82 A.L.R.2d 10.

---

nerships, but the constituents thereof may only be professionals duly admitted to practice the profession.

(b) In 14 Bus. Law. 969 (1959) there appears a summary of legislation and authorities on professional corporations as well as of the advantages of, and arguments in opposition to, the practice of engineering in corporate form.

[2] In *Sanquírico* v. *De la Cruz*, 40 P.R.R. 192, 195 (1929), in which it was held that any person who, being aware that plaintiff lacked a diploma, availed himself of the latter's services as a civil engineer, can not rely as a defense upon the lack of such diploma, is distinguishable, since at the

In *Cardona v. District Court*, 62 P.R.R. 59 (1943), this Court refused to apply the foregoing doctrine to the case of workmen who claim salaries for work performed in violation of a law which prohibited work in excess of eight hours in each natural day. The Court held in that case that the Act under consideration was adopted for the protection of workmen; that the claimants had fully performed their part; that the denial to such workmen of the right to recover would be to penalize those whom the Legislature sought to protect by means of the said Act; that the contracting parties were not in contractual parity; and that to refer to that Act as designed for the benefit of the community does not mean that the courts ought not to give primary consideration to the rights of workmen; that when one of the parties has not been guilty of gross moral turpitude, he may recover the value of the work performed; that unjust enrichment should not be permitted in a case such as this; that to bar the workman from recovering his compensation amounts to imposing a penalty which must be express and not implied; and that the norm of § 1257 of the Civil Code, 31 L.P.R.A. § 3516, applies to this situation.

■ In the case of the unlawful practice of a profession, on the contrary, the regulatory Act was adopted "for the purpose of protecting life, health and property, and promoting public welfare." To deny recovery to one engaged in the illegal practice of a profession would be to penalize one not sought to be protected. There are no circumstances of public order or policy or otherwise to warrant departure from the doctrine cited in the *Pagán* case. Moreover, the provisions of § 1257 of the Civil Code *supra* are applicable to this type of cases in which the claimant is the one engaged

---

time it was decided that profession could be freely practised without any requirement as to examination, license, or membership, contrary to the situation prevailing at present under the Act which regulates the profession in question.

in the illegal practice of the profession and has incurred fault and the corresponding offense.[3]

Appellant argues in its brief before this Court that it is a corporation constituted by only two stockholders who are duly accredited engineers, who rendered the engineering and architectural services in this case acting through a corporation.

In *Weed, Architect, Inc.* v. *Horning*, 33 So.2d 648 (Fla. 1948), it was sought to foreclose a lien on lands for the purpose of recovering the fees agreed upon for architectural services fully rendered under a contract. The trial court in this case granted defendants' motion to dismiss the complaint and the plaintiff architect appealed. In support of the judgment, it was alleged, among other things, that since appellant was a corporation it was precluded by law from acquiring the lien in question. The Supreme Court of the State of Florida held in that case that:

" . . . It is quite true that under the law a corporation cannot be licensed to practice architecture, but Robert L. Weed, Architect, Inc., was nothing more than the alter ego of Robert L. Weed or a medium through which his business as an architect was transacted. The bill of complaint alleges that Robert L. Weed was at all times a licensed architect, that as such he performed the services in question and that the contract was executed by Robert L. Weed, Architect, Inc., for the benefit of Robert L. Weed. Throughout the entire transaction both parties recognized Robert L. Weed as the main party in interest, and that Robert L. Weed, Architect, Inc., was nothing more than a nominal party to the transaction. . . . There is not the slightest suggestion here that appellees were deceived or suffered any injury by reason that Robert L. Weed, the real party complainant, was practicing under the name of Robert L. Weed, Architect, Inc."

---

[3] See the opinion of this Court in the case of *Rubio* v. *Roig*, 84 P.R.R. 331 (1962), containing a detailed and elaborate study of the provisions of the Civil Code on nullity of the acts and contracts executed in violation of the provisions of the Act.

Wherefore, in that case the court reversed the judgment appealed from with instructions to reinstate the cause and to proceed accordingly.

It is true that in the complaint in the case at bar it was not alleged that plaintiff corporation was constituted by only two engineers duly licensed and accredited; nor that they were the ones who actually rendered the professional services in this case, and that, therefore, they were parties actually interested as plaintiffs; nor was leave requested to amend the complaint to that effect after judgment was rendered dismissing the complaint. It is no less true that the trial court declared that the complaint was not susceptible of amendment.

We believe and conclude, however, that for the sake of justice and in a case such as the one under consideration, the plaintiff should be permitted to amend his complaint, if possible, in order to allege with more precision and detail the existing relationship between appellant and its stockholders and whether the latter are actually the real party interested in the action with the right to recover the professional services duly rendered. *Cf. De Jesús* v. *Abbott*, 77 P.R.R. 488, 495–96 (1954); *Mercedes Bus Line, Inc.* v. *Rojas*, 70 P.R.R. 513–18 (1949); *Ramírez* v. *Municipality*, 67 P.R.R. 693 (1947).

For the reasons stated, the judgment of the Superior Court will be reversed and the case remanded for further proceedings not inconsistent with this opinion.